# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF NORTH CAROLINA
# CHARLOTTE DIVISION
# 3:05CV278-1-MU

| | |
|---|---|
| MARION PROMISE, ) | |
| ) | |
| Petitioner ) | |
| ) | |
| vs. ) | **O R D E R** |
| ) | |
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Respondent. ) | |

**THIS MATTER** comes before the Court upon Petitioner's Motion to Reconsider, filed July 25, 2005; and Petitioner's Motion to Hold in Abeyance, filed January 13, 2006.

Petitioner was charged in a single count indictment with conspiring to possess with the intent to distribute a quantity of cocaine and cocaine base. On September 23, 1999, after a trial by jury, this Court sentenced Petitioner to 360 months imprisonment. On October 1, 1999, Petitioner appealed his sentence and conviction to the United States Court of Appeals for the Fourth Circuit. On rehearing en banc, the Fourth Circuit held that while the district court committed Apprendi error, the Court would decline to notice the error given the overwhelming and uncontroverted evidence that Petitioner did in fact possess the amount attributed to him by the district court. United States v. Promise, 255 F.3d 150 (4th Cir. 2001). On May 28, 2002, the Supreme Court denied Petitioner's Petition for Writ of Certiorari.

On July 9, 2003, Petitioner filed a Motion to Request Enlargement of Time to File

28 U.S.C. § 2255 Motion.  In support of his request, Petitioner informed the Court that he had believed that the attorney who handled his appeal was going to file his § 2255 motion.  In addition, asserted that he had never been informed that his petition for writ of certiorari had been denied.  On September 12, 2003, this Court denied Petitioner's Motion holding that it lacked jurisdiction to extend AEDPA's limitation period because no case or controversy existed.

On December 3, 2003, Petitioner filed a motion for leave to file a belated appeal of the denial of his Motion to Request an Enlargement of Time to file a 28 U.S.C. § 2255 Motion.  This Court denied Petitioner's motion because it lacked the authority to grant such an extension.   Petitioner appealed this ruling and on October 28, 2004, the United States Court of Appeals for the Fourth Circuit dismissed Petitioner's appeal.

Undeterred, on May 13, 2005, Petitioner filed a Petition for Relief Pursuant to Rule 60(b) asserting that this Court erred in denying his motion for an extension of time in which to file a Motion to Vacate.  On June 20, 2005, this Court denied Petitioner's Rule 60(b) motion.

Petitioner then filed a Motion to Vacate, Set Aside, or Correct Sentence asserting twelve separate grounds for why his sentence and conviction were unconstitutional.  On July 7, 2005, this Court held that Petitioner's Motion to Vacate was untimely.

Petitioner has filed the instant motion asserting that because he is actually innocent his § 2255 motion should not have been considered untimely.  To succeed on an actual innocence claim a petitioner must show factual innocence, not simply legal insufficiency of evidence to support a conviction.  See Bousley v. United States, 523 U.S. 614, 623 (1998).  Petitioner must establish that "' in light of all the evidence,'" "it is more likely than

not that no reasonable juror would have convicted him." Id. A review of Petitioner's filings makes it clear that he does not come close to meeting this burden. Indeed, on direct appeal the United States Court of Appeals for the Fourth Circuit found that overwhelming and essentially uncontroverted evidence established Petitioner's guilt with regard to the crimes for which he was convicted and sentenced. See United States v. Promise, 255 F.3d 150, 163-64 (4th Cir. 2001).[1]

On January 13, 2006, Petitioner filed a document requesting that his Rule 60(b) motion be held in abeyance until the retroactivity of Booker and Blakely is determined by the "High Court." At the time Petitioner filed this request the Fourth Circuit had already held that the rule announced in Booker and Blakely was not a watershed rule warranting retroactive application. See United States v. Morris, 429 F.3d 65, 72 (4th Cir.2005)(criminal defendant unable to raise Blakely or Booker claim for the first time in §2255 petition when judgment of conviction became final before the Supreme Court decided Booker). Petitioner does not assert that the Supreme Court has granted certiorari with regard to this issue. Moreover, if the Supreme Court were to rule that the holdings in Booker and Blakely were new rules of constitutional law to be applied retroactively on collateral review, Petitioner could file a successive motion to vacate pursuant to § 2255. Consequently, Petitioner's request for an abeyance is denied.

**IT IS, THEREFORE, ORDERED** that:

1. Petitioner's Motion to Reconsider is **DENIED;** and

---

[1] This Court will not address Petitioner's claims that he diligently pursued the filing of his § 2255 motion as they were fully addressed in this Court's earlier Order.

3

2. Petitioner's Motion to Hold in Abeyance is **DENIED**.

Signed: October 20, 2006

Graham C. Mullen
United States District Judge